**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Wayne Murray,        )  | CV-03-775-PHX-DGC |
|     Petitioner,    ) | |
| v.            ) | **ORDER** |
| Dora Schriro, et al.,    ) | |
|     Respondents.    ) | |

Before the Court is Petitioner's Motion to Vacate Judgment and for New Trial. Dkt. 102. Pursuant to Rule 59 of the Federal Rules of Civil Procedure, Petitioner requests the Court to reconsider its order of May 30, 2008 (Dkts. 100, 101) which denied Petitioner's remaining habeas claims as procedurally barred or meritless.

## DISCUSSION

Motions for reconsideration are disfavored and appropriate only if the court is presented with newly discovered evidence, if there is an intervening change in controlling law, or if the court committed clear error. *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam); *see School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A motion for reconsideration is not a forum for the moving party to make new arguments not raised in its original briefs, *Northwest Acceptance Corp. v. Lynnwood Equipment, Inc.*, 841 F.2d 918, 925-926 (9th Cir. 1988), nor is it the time to ask the court to "rethink what it has already thought through," *United States v. Rezzonico*, 32 F. Supp.2d 1112, 1116 (D. Ariz. 1998) (quotation omitted).

Petitioner does not assert discovery of new evidence or a change in controlling law. Rather, he alleges that the Court made legal and factual errors in previous orders, and seeks reconsideration of the Court's denial of Claims 1, 2, 5, 6, 7, 12, 16, 17, 44, and 48.

In an order dated September 30, 2005, the Court denied Claims 5 and 48 on the merits and 44 as procedurally barred. Dkt. 90. The Court subsequently denied Petitioner's motion for reconsideration. Dkts. 91, 97. The Court declines to rethink issues again.

With respect to Claims 1 and 2, alleging that Petitioner's right to a fair trial was violated by presumptively prejudicial pretrial publicity and by the trial court's failure to sequester the jury, Petitioner repeats the arguments raised in his amended petition. The Court again rejects those arguments for the reasons set forth in its May 30 order. Dkt. 100 at 13-21. The trial court held a hearing on the issue of pretrial prejudice. The record generated did not support a finding that media coverage of the case was so outrageous that the trial was "utterly corrupted." *Dobbert v. Florida*, 432 U.S. 282, 303 (1977). Petitioner also failed to show that he was prejudiced by the failure to sequester the jury, and has cited no authority necessitating sequestration in a high profile case. The Arizona Supreme Court's rejection of these claims was neither contrary to nor an unreasonable application of clearly established federal law, nor was it based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

With respect to Claim 6, alleging a violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), Petitioner offers the same arguments he previously raised. Dkt. 100 at 25-33. The Court notes again that the trial court held a hearing on the *Batson* issue and found no discriminatory intent. "[A] state court's finding of the absence of discriminatory intent is a 'pure issue of fact' accorded significant deference." *Miller-El v. Cockrell*, 537 U.S. 322, 339 (2003). Pursuant to 28 U.S.C. § 2254(e)(1), a presumption of correctness attaches to the trial court's finding. *Id.* Petitioner has not rebutted this presumption with clear and convincing evidence.

Claim 7 alleged that Petitioner's due process rights were violated by the trial court's denial of defense counsel's request to revisit the crime scene a year after the murders. As this Court previously noted (Dkt. 100 at 33-34 & n.13), because Petitioner has not attempted to show that he was prejudiced by the trial court's ruling, he is not entitled to relief no matter how broadly he now frames the claim.

Claim 12 consisted of several allegations of prosecutorial misconduct, including the newly raised claim that a prosecution witness made funny faces at defense counsel in view of the jury. Even if the Court were to consider this allegation, which was never presented to the state courts, it would not change the Court's analysis or its conclusion that the Arizona Supreme Court's rejection of Petitioner's prosecutorial misconduct claims was not contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of the facts. *See* Dkt. 100 at 38-43 & n.14.

Claims 16 and 17 challenged the jury instructions. In rejecting the allegations in Claim 16, the Arizona Supreme Court, echoing the trial court, found that the record did not support a voluntary intoxication instruction. As previously explained, Petitioner has not rebutted the presumption of correctness of the state courts' findings that there was insufficient evidence that Petitioner was actually intoxicated at the time of the murders. Dkt. 100 at 51-52. With respect to Claim 17, Petitioner argues that a lesser included instruction of second degree murder was required because there was "NO evidence Roger Murray killed anyone or ever pulled a trigger at all." Dkt. 102 at 12. As the Court previously noted, Petitioner's theory at trial was "not directed at negating premeditation." *Cook v. Schriro*, 516 F.3d 802, 825 (9th Cir. 2008). This fact, combined with overwhelming evidence that the execution-style killings were premeditated, established, as the Arizona Supreme Court held, that a second degree murder instruction was not warranted. *See* Dkt. 100 at 52-54.

- 3 -

1    **IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate Judgment and for
2    New Trial (Dkt. 102) is **DENIED**.
3    DATED this 20th day of June, 2008.

_David G. Campbell_
United States District Judge